THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR14-0096-JCC |
| Plaintiff, | ORDER |
| v. | |
| STEVEN ASIR THOMAS, | |
| Defendant. | |

This matter comes before the Court on Defendant Steven Asir Thomas' Amended Motion to Request a New Trial (Dkt. No. 186).  Having thoroughly considered the briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the Motion (Dkt. No. 186) for the reasons explained herein.

I.      BACKGROUND

After a seven day trial, the jury found Defendant Steven Asir Thomas guilty of Conspiracy to Distribute Controlled Substances, Money Laundering, Conspiracy to Possess Firearms in Furtherance of a Drug Trafficking Offense, and Felon in Possession of a Firearm. (Jury Verdict, Dkt. No. 168.)  On April 17th, 2015, Defendant, who continues to be represented by counsel, filed his own Motion to Request a New Trial in this Court, claiming that "relevant exculpatory evidence was not introduced during trial."  (Motion, Dkt. No. 172 at 1.)  This Court

denied that first Motion to Request a New Trial, on the grounds that it was untimely, it did not provide sufficient reason to grant a new trial, and Defendant failed to submit the Motion via his counsel.  (June 10th, 2015 Order, Dkt. No. 188.)  On June 8th, 2015, the Court received a pro se Amended Motion for a New Trial (Dkt. No. 186).  Defendant once again bases his request on the claim that "relevant exculpatory evidence was not presented to the jury . . . [that would have] show[n] that Jonathan Armstrong aka 'JT' entrapped me as to the crimes I was charged with in the indictment."  (*Id.* at 1.)  For the foregoing reasons, the Court DENIES Defendant's amended Motion.

## II.    DISCUSSION

### A.    Untimely Filing of Motion

Federal Rule of Criminal Procedure 33 requires that a defendant wishing to file a "motion for a new trial grounded on any reason other than newly discovered evidence" file such motion "within 14 days after the verdict or finding of guilty."  Fed. R. Crim. P. 33(b)(2).

In this case, the jury returned a verdict on April 2nd, 2015.  (Dkt. No. 164.)  The signature page of Defendant's Amended Motion is dated May 18th, 2015.  (Dkt. No. 186 at 46.)  The Motion did not arrive at the Courthouse and was not entered until June 8th, 2015.[1]  (*Id.*)  Both the date that the Defendant finished, signed, and presumably mailed the Motion, and the date the Motion was received by the Court, fell well past the Rule 33 deadline.

### B.    Lack of New Grounds for Retrial

According to Federal Rule of Criminal Procedure 33, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."  Fed.

---

[1] The Court can only speculate as to why this Motion took such a long time to arrive at the Courthouse, but two potential contributing causes include the fact that the "Legal Mail" designation on the face of the envelope was very small, and the fact that the address of the Courthouse featured the wrong zip code.  However, the Motion's delay in reaching the Courthouse has not prejudiced Defendant – even if the Court were to have received the Motion on the very day Defendant finished, signed, and presumably mailed the Motion (May 18th, 2015), such date would still have been more than a month past the Rule 33 deadline.

R. Crim. P 33(a).  However, the vacating of the judgment and granting of a new trial is appropriate "only in *exceptional* cases in which the evidence preponderates *heavily* against the verdict."  *United States v. Pimentel*, 654 F.2d 538, 545 (9th Cir. 1981) (emphasis added).  *See also United States v. Del Toro-Barboza*, 673 F.3d 1136, 1153 (9th Cir. 2012).

None of the recordings discussed in Defendant's Amended Motion "preponderate heavily" against the verdict.  Defendant's Motion provides interpretations of recorded conversations that challenge the Prosecution's interpretations, which were presumably credited by the jury.[2]  But this is not sufficient under *Pimentel*.  The clips that Defendant alleges were not included during trial also fall short of *Pimentel*'s exacting standard.[3]  Further, Defendant's attorney was free to introduce any exculpatory clips at trial.

In short, Defendant does not cite evidence preponderating *heavily* against the verdict, and

---

[2]  *See, e.g.,* Amended Motion, Dkt. No. 186 at 15 ("The clip that the prosecution played for the jury, where I am describing 'jacking the club' was taken out of context.  What I'm explaining to JT . . . is that if he can just get me the $100k I need to open the club; I would be able to pay it back in the first couple months of operation. . . What gets produced on that recording and many subsequent recordings are inebriated conversations about hypothetical or fictitious situations."); at 33 ("Compare all of this to what was found at JT's house and on JT's phones and anyone can clearly see who the real drug dealer was."); at 34-35 ("In summation, all of the crime[s] in this investigation [were] created, perpetuated, funded and staged by JT acting as a government agent. . . . JT was tasked to collect information about narcotics trafficking, but he goes out and creates the drug deals to inform on.  He withholds critical information so as to protect his sources while he is personally profiting from them and he creates fictitious information about me to divert attention away from his own major drug dealing.").

[3]  *See e.g.,* Amended Motion, Dkt. No. 186 at 22 ("In a conversation I have with JT that day, I tell him, 'we'll hook up Benny's guys and that's about it.  I don't want to deal with anybody around here in the Northwest.'"); at 32 ("[I]f [the prosecution] wanted to show real evidence they could have subpoenaed my power bill which would have unequivocally shown the [marijuana] grow was not active in March 2014."); at 38-39 ("As the Government established I had access to high quality drugs yet my only customers are JT and the Government. . . . I would never have been involved with methamphetamine or firearm sales if not for JT."); at 41 ("Compare that to what SA Hunt tells an ATF Supervisor on 2/19/14 about his gun case, '. . . either we need to figure out a take down on our end or bow out u-c wise because we're not getting an ATF case out of it . . . Steve Thomas . . is not. . really excited about dealing with guns.'"); at 42 ("JT only recorded 2% of the phone calls he had with me.  He made calls right before and after the calls that he chose to record."); at 44 ("JT is allowed to get away with anything [by the ATF agents].").

1  does not show that this is an exceptional case.

2      **C.**     **Failure to Submit via Counsel**

3      Finally, Defendant is still represented by his CJA-appointed attorney.  Defendant's

4  failure to file this Motion through his attorney provides an additional reason for denial.  *See*

5  *United States v. Bergman,* 813 F.2d 1027, 1030 (9th Cir. 1987) (holding that the district court did

6  not err in refusing to acknowledge filings directly from a criminal defendant when he remained

7  represented by counsel).

8      Defendant asks "the Court to officially recognize my right to represent myself along with

9  my attorney Mr. Engelhard."  (Motion, Dkt. No. 186 at 3.)  However, there is no such right to

10  hybrid representation.[4]

11  **III.**     **CONCLUSION**

12      For the foregoing reasons, Defendant's Amended Motion to Request a New Trial (Dkt.

13  No. 186) is DENIED.

14      DATED this 7th day of July 2015.

15

16

17                        _____

18

19                        John C. Coughenour
                      UNITED STATES DISTRICT JUDGE

20

21  _____

22  [4] "Halbert also argues that he was denied his Sixth Amendment right to represent himself when

23  the trial judge denied his motion to appear as his own attorney in addition to his retained counsel. While effective legal counsel is an essential right found in the Sixth Amendment, and the right to appear pro se is guaranteed by 28 U.S.C. § 1654, *Faretta v. California*, 422 U.S. 806, 812-36

24  (1975), the two rights are disjunctive.  A criminal defendant does not have an absolute right to both self-representation and the assistance of counsel.  *United States v. Klee*, 494 F.2d 394, 396-

25  97 (9th Cir. 1974); *Duke v. United States*, 255 F.2d 721, 725-26 (9th Cir. 1958). Whether to

26  allow hybrid representation remains within the sound discretion of the trial judge."  *United States v. Halbert*, 640 F.2d 1000, 1009 (9th Cir. 1981) (some internal citations omitted).