THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>STEVEN ASIR THOMAS,<br><br>    Defendant. | CASE NO. CR14-0096-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion for compassionate release (Dkt. No. 283) and the Parties' motions to seal (Dkt. Nos. 290, 292). Having thoroughly considered the briefing and relevant record, the Court hereby DENIES Defendant's motion and GRANTS the Parties' motions to seal for the reasons explained herein.

I. BACKGROUND

In 2016, Defendant was convicted after a jury trial of one count each of conspiracy to distribute methamphetamine, felon in possession of a firearm, and conspiracy to possess a firearm in furtherance of a drug trafficking offense. (Dkt. No. 168.) He is currently serving a 12-year sentence at FCI Yazoo City in Yazoo City, Mississippi. (Dkt. Nos. 283 at 2). His current release date is August 23, 2024. (*Id*. at 1.) Defendant filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1), asserting the Bureau of Prisons' (BOP) incorrect assessment of his eligibility for the First Step Act's (FSA) good time credits and the COVID-19 pandemic

present extraordinary and compelling reasons to justify reducing his sentence. (Dkt. 283 at 1.)

## II. DISCUSSION

### A. Exhaustion

Defendant argues he is entitled to compassionate release because the BOP has incorrectly deemed him ineligible for good time credits under the FSA. (Dkt. No. 283 at 6.) But to challenge the BOP's calculation of his good time credits, he must first exhaust his administrative remedies,[1] and then file a habeas petition. *Edwards v. Balisok*, 520 U.S. 641, 643–44 (1997) ("the sole remedy in federal court for a prisoner seeking restoration of good-time credits is a writ of habeas corpus"). Defendant has not done so. Defendant argues he does "not request that the Court calculate or correct the BOP's determination of time credits." (Dkt. No. 294 at 2.) But he then argues "an unproven and unsubstantiated statement in [his] presentence report has negatively impacted his incarceration, **including preventing him from receiving time credits under the FSA.**" (Dkt. No. 294 at 2) (emphasis added). This is clearly a challenge to the BOP's determination of time credits, no matter how Defendant tries to dress it up.

Nonetheless, even if the Court were to accept Defendant's assertion that this request is properly raised as motion for compassionate release, Defendant's motion still fails on the merits for the reasons stated below.

### B. Compassionate Release

Before filing a claim for compassionate release, a defendant must first exhaust all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf. 18 U.S.C. § 3582(c)(1)(A). However, if at least 30 days have lapsed since the inmate submitted a request to the warden of the inmate's facility and the BOP has failed to respond, then the inmate may file a motion in federal court and the court "may reduce the term of imprisonment." *Id.* In analyzing whether a defendant is entitled to compassionate release, the court must determine whether "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C.

---

[1] *See* 28 C.F.R. § 542.15 (setting forth appeal process for administrative remedy requests).

§ 3582(c)(1)(A). Defendant bears the burden of making this showing. *United States v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. 2020).

A showing of extraordinary and compelling circumstances warranting a sentencing reduction is a "high bar." *U.S. v. Lii*, 528 F. Supp. 3d 1153, 1165 (D. Haw. 2021). First, Defendant argues he would be eligible for good time credits under the FSA but for a misapplication of Public Safety Factors based on a statement in his presentence report. (Dkt. No. 283 at 6–9.) Although Defendant asserts he has been denied good time credit because of language in his presentence report, he does not present evidence confirming this fact. (*See* Dkt. No. 283 at 7) ("it *appears* that the only reason that BOP has not granted [Defendant] time credits under the First Step Act is that he was incorrectly classified as a sex offender based on the unsubstantiated statement in the presentence report") (emphasis added). If Defendant takes issue with the BOP's calculation of his good time credits, he must go through the proper administrative channels, as noted above.

Defendant's motion may alternatively be viewed as an attempt to renew his request to the Court to amend the presentence report. (Dkt. No. 283 at 8.) But the fact that the calculations for good time credit under the FSA may take into consideration information in Defendant's presentence report does not give the Court jurisdiction to amend the report. For the reasons previously stated, the Court will not amend the report. (Dkt. No. 278.)

Defendant's remaining argument is that he suffers from the "ongoing detrimental incarceration conditions caused by the COVID-19 pandemic . . ." (Dkt. No. 283 at 6.) In addition to generally harsh conditions faced by the facility due to COVID-19, Defendant claims that his eyesight has been significantly compromised due to an infection with the virus. (*Id*. at 10.) However, Defendant does not provide any medical records to corroborate this claim. In fact, Defendant's statement to the Court suggests that a medical professional concluded that the loss of vision was simply a result of old age, not COVID-19.  (Dkt. No. 293 at 6.) Threadbare self-supporting declarations, without corroborating medical records or declarations from treating

medical providers, are insufficient. *See, e.g.*, *United States v. Kent*, 2021 WL 3913360, slip op. (S.D. Cal. 2021) (lack of medical records prevented ruling that defendant's health conditions represented an extraordinary and compelling circumstance); *United States v. Salazar-Valenzuela*, 2022 WL 16635330, slip op. (D. Ariz. 2022) (compassionate release denied where defendant presented no medical records to support health conditions asserted).

As Defendant looks to have recovered from his COVID-19 infection without serious complications, his personal experience suggests that his medical conditions do not elevate his risk of serious illness to an extent constituting an extraordinary and compelling reason warranting release. *See United States v. Reynolds*, 2020 WL 3266532, slip op. at 4 (W.D. Wash. 2020). Many courts have concluded that, under similar circumstances, health conditions no longer represent an extraordinary and compelling reason warranting a reduction in sentence. See e.g., *U.S. v. McBriarty*, 2021 WL 1648479, slip op. at 6 (D. Conn. 2021); *U.S. v. McGill*, 2021 WL 662182, slip op. at 5 (D. Md. 2021). The Court reaches the same conclusion here.

Accordingly, Defendant has failed to meet his burden of establishing that extraordinary and compelling reasons warrant release. Therefore, the Court need not consider whether Defendant meets the remaining requirements for release. The Court DENIES Defendant's motions for compassionate release (Dkt. No. 283).

C.  **Motions to Seal**

The Government additionally requests the Court seal Exhibit B to its opposition to Defendant's motion. (Dkt. No. 290.) Defendant requests the Court seal Exhibit 1 to his reply motion. (Dkt. No. 292.) The First Amendment protects the public's right of access to criminal trials. *See, e.g.*, *Globe Newspaper Co. v. Super. Ct. for Norfolk Cnty.*, 457 U.S. 596, 606 (1982). The public also has a common law right to inspect and copy public records, including from judicial proceedings. *See Nixon v. Warner Commc'ns*, 435 U.S. 589, 597 (1978). But these rights are not absolute and must yield when (1) sealing a document serves a compelling interest, (2) that is substantially likely to be harmed if the document is not sealed, and (3) there are no less restrictive alternatives for

protecting the interest. *See United States v. Doe*, 870 F.3d 991, 998 (9th Cir. 2017).

Given the sensitive nature of the information contained in the exhibits filed by both parties, the Court finds that sealing both exhibits serves a compelling interest which is likely to be harmed if the documents are not sealed, and there is no less restrictive alternative to protect that interest. Accordingly, there is good cause for the documents to remain under seal.

### III.   CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's motion for compassionate release (Dkt. No. 283) and GRANTS the Parties' motions to seal (Dkt. Nos. 290, 292). The Clerk is DIRECTED to maintain Docket Numbers 291 and 293 under seal.

DATED this 2nd day of March 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE